IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED SENIORS ASSOCIATION, INC., as a private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP MORRIS, USA, R.J. REYNOLDS TOBACCO COMPANY, BROWN & WILLIAMSON TOBACCO CORPORATION, individually and as the successor to THE AMERICAN TOBACCO COMPANY, LORILLARD TOBACCO COMPANY, INC., and LIGGETT GROUP, INC.,<br><br>Defendants. | CASE NO. 05-11623 RGS |

**MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
OF SENATOR CHARLES E. GRASSLEY IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS**

Brian Koukoutchos
Mass. BBO No. 547446
28 Eagle Trace
Mandeville, LA 70471
(985) 626-5052
*Counsel for Amicus Curiae
Senator Charles E. Grassley*

## INTEREST OF *AMICUS CURIAE*

*Amicus curiae*, the Honorable Charles E. Grassley, senior Senator from Iowa, is the Chairman of the Senate Finance Committee, which has exclusive Senate jurisdiction over Medicare. For over twenty years, Senator Grassley has been the strongest supporter in Congress of the role of citizens as "private attorneys general" in protecting the Treasury. For example, in 1986, Senator Grassley sponsored the amendments to the False Claims Act ("FCA"), and the "most sweeping" reform involved the FCA's *qui tam* provision, which expanded the role of private citizens in enforcing the Act. *See* John T. Boese, CIVIL FALSE CLAIMS AND QUI TAM ACTIONS, 1-23 (Aspen Law & Business 1999). "The effect of the 1986 Amendments has been to transform the False Claims Act into an effective and widely used weapon against government-related fraud." *Id.* at 1-25.

The purpose of the Medicare as Second Payer ("MSP") statute ,to stem the flow of Medicare dollars when others should be paying Medicare beneficiary's medical bills ,is of great importance to Senator Grassley, who has long advocated vigorous implementation of the MSP statute. Senator Grassley introduced the "Medicare Funds Recovery Act of 1992" to increase funding for MSP enforcement: "Medicare contractors have MSP backlogs of claims mistakenly paid totaling over $1 billion" and "over $2 billion owed to the Government may never be collected." 138 CONG. REC. S3301, S3319 (Mar. 11, 1992). Accordingly, Senator Grassley participated as an *amicus* throughout *Mason v. The American Tobacco Co.*, 346 F.3d 36 (2d Cir. 2003), *cert. denied*, 541 U.S.1057 (2004). After announcing its restrictive reading of the MSP statute, the Second Circuit quoted Senator Grassley's *amicus* brief and invited Congress to

1

address the issue if it disagreed with the court's interpretation. *Id.* at 43. In response, Senator Grassley sponsored clarifying legislation that was enacted to correct erroneous readings of the MSP by the Second Circuit and other courts. *See* Medicare Prescription Drug, Improvement and Modernization Act of 2003 ("MMA"), § 301(b), Pub. L. No. 108-73, 117 Stat. 2066, 2221 (2003).

The first and only court to date to interpret those clarifying amendments was a federal district court in Jacksonville, Florida. Senator Grassley participated in those proceedings as an *amicus* in support of Plaintiffs' reading of the statute, both at the trial and appellate levels. *Glover v. Phillip Morris USA*, 380 F. Supp. 2d 1279 (M.D. Fla. 2005), *appeal pending*, No. 05-14219 (11th Cir.).

Senator Grassley has concluded that the reading of the statute that defendants urged in *Glover* and reiterate here works a fundamental distortion of the MSP regime and would have enormous adverse consequences for Medicare and the federal Treasury. The importance of Medicare as a source of healthcare funding for tens of millions of Americans cannot be overestimated. The Senator therefore has both an institutional and a personal interest in ensuring that the MSP regime is faithfully applied as it was intended, and that Medicare dollars are promptly returned to the Treasury where appropriate. Senator Grassley cannot offer this Court any guidance on the merits of the underlying litigation against the tobacco company defendants. However, as chief architect of the legislation that the defendants misread, the Senator is in a unique position to assist this Court in understanding these statutes in a manner consistent with congressional intent and the national interest. The Senator therefore moves for leave to file the enclosed brief *amicus curiae*, attached as Exhibit A.

Plaintiff United Seniors has consented to the filing of this brief. Subject to the provisions of the parties' Stipulation and Joint Notice to the Court being filed on or about January 9, 2006, the Defendants do not object to the filing of this brief.

Respectfully submitted,

_Brian Koukoutchos_ / RPK by permission

Brian Koukoutchos
Mass. BBO No. 547446
28 Eagle Trace
Mandeville, LA 70471
(985) 626-5052
*Counsel for Amicus Curiae,*
*The Honorable Charles E. Grassley*

Dated: January 9, 2006

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand-on and electronic mail on 1·9·06

3